FILED '08 JUN 03 15:58 USDC-LAE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 1199SEIU GREATER NEW YORK<br>BENEFIT FUND, by its Trustees<br>330 West 42nd Street – 31st Floor<br>New York, NY  10036 | * <br> * <br> * <br> * | CASE NO:  **08-3627** |
| | * | RELATED CASE:<br>2:05-MD-1657<br>VIOXX MDL LITIGATION |
| and | * <br> * | |
| THE NEW YORK STATE TEAMSTERS<br>COUNCIL HEALTH AND HOSPITAL<br>FUND, by its Trustees,<br>151 Northern Concourse<br>Syracuse, NY  08648<br>on behalf of themselves and all<br>others similarly situated, | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **SECT. L  MAG. 3**<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>KNOWLES |
| Plaintiffs, | * <br> * | |
| v. | * <br> * | |
| BROWNGREER, PLC;<br>BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES, P.C.;<br>BLIZZARD, McCARTHY & NABERS, LLP;<br>GIRARDI AND KEESE;<br>HERMAN, HERMAN, KATZ & COTLAR, LLP*<br>LEVIN, FISHBEIN, SEDRAN & BERMAN;<br>JOHN DOE LAW FIRMS 1-100, etc.;<br>and JANE DOE VIOXX CLAIMANTS  1-1000, etc., | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

{N0097403}

## CLASS ACTION COMPLAINT

Plaintiffs, by and through their attorneys, King, Krebs & Jurgens, P.L.L.C., Levy Phillips & Konigsberg, LLP, and Crowell & Moring, LLP, on behalf of themselves and all other similarly situated parties, allege as follows:

## PRELIMINARY STATEMENT

Plaintiffs 1199SEIU Greater New York Benefit Fund and The New York State Teamsters Council Health and Hospital Fund ("Named Plaintiffs"), by their respective trustees, bring this Class Action for declaratory and equitable relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, on behalf of themselves and the class of all similarly situated ERISA-covered health benefit plans (the "ERISA Health Plans"), to enforce two fundamental rights under their ERISA plan documents: (1) the right to receive notification of claims asserted and settlements received by their plan beneficiaries on whose behalf the plans have paid medical benefits; and (2) the right to be reimbursed by their plan beneficiaries on whose behalf the plans have paid medical benefits to the extent that these plan beneficiaries receive settlement funds.

This case arises out of the nationwide settlement reached on or about November 9, 2007, between Merck and a negotiating committee of plaintiffs' lawyers, with respect to the personal injury claims asserted by tens of thousands of individuals (hereinafter the "Vioxx Claimants") against Merck associated with their use of Vioxx. A copy of the settlement agreement (the "Settlement Agreement" or the "Vioxx Settlement") is attached hereto as Exhibit A. Pursuant to the Settlement Agreement, Merck will pay $4.85 billion into a settlement trust fund (or funds) (the "Vioxx Settlement Fund") to resolve the personal injury claims asserted by Vioxx Claimants.

{N0097403}

The payout of settlement amounts from the Settlement Fund is due to begin in less than 60 days.  Unless this Court grants the preliminary and permanent injunctive relief sought by this Complaint, the Named Plaintiffs and all other similarly situated ERISA plans will be irreparably injured.  The relief sought herein by the Named Plaintiffs on their own behalf, and on behalf of the class of all similarly situated ERISA-covered health benefit plans, is specifically authorized by Section 502(a)(3) of ERISA.  *See Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006); *Bombardier Aerospace Employee Welfare Benefits Plan*, 354 F.3d 348 (5th Cir. 2003).

## THE PLAINTIFFS

1.      Plaintiff 1199SEIU Greater New York Benefit Fund ("1199 Fund") is a New York-based employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1). The Plaintiff Trustees of the 1199 Fund are, and at all relevant times were, the administrators and fiduciaries of the 1199SEIU Plan.

2.      Plaintiff New York State Teamsters Council Health and Hospital Fund ("Teamsters Fund") is a New York-based employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1).  The Plaintiff Trustees of the Teamsters Fund are, and at all relevant times were, the administrators and fiduciaries of the New York State Teamsters Council Health and Hospital Fund Plan.

3.      The 1199 Fund and the Teamsters Fund (collectively, "Named Plaintiffs") bring this action on behalf of themselves and all similarly situated ERISA-covered health benefit plans (collectively "ERISA Health Plans").

## THE DEFENDANTS

4.     Defendant BrownGreer, PLC ("BrownGreer") is the duly appointed Administrator of the Vioxx Settlement.  On information and belief, BrownGreer is a law partnership established as a professional corporation with its principal place of business in Richmond, Virginia.  Pursuant to the Settlement Agreement, BrownGreer controls or will control the disposition of monies from the Vioxx Settlement Fund.

5.     The Named Law Firm Defendants are the firms of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; and Levin, Fishbein, Sedran & Berman.  These law firms were among the firms designated as "Negotiating Plaintiffs' Counsel," which negotiated and executed the Settlement Agreement.

6.     On information and belief, Defendant Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Firm") is a law partnership established as a professional corporation with its principal place of business in Montgomery, Alabama.  On information and belief, the Beasley Firm represents a number of beneficiaries of the ERISA Health Plans (a) who have enrolled or will enroll in the Vioxx Settlement, and (b) on whose behalf the plans have paid Vioxx-related medical benefits.

7.     On information and belief, Defendant Blizzard, McCarthy & Nabers, LLP ("Blizzard Firm") is a law partnership established as a limited liability partnership with its principal place of business in Houston, Texas.  On information and belief, the Blizzard Firm represents a number of beneficiaries of the ERISA Health Plans (a) who have enrolled or will enroll in the Vioxx Settlement, and (b) on whose behalf the plans have paid Vioxx-related medical benefits.

{N0097403}                                        4

8.     On information and belief, Defendant Girardi and Keese ("Girardi Firm") is a law partnership with its principal place of business in Los Angeles, California.  On information and belief, the Girardi Firm represents a number of beneficiaries of the ERISA Health Plans (a) who have enrolled or will enroll in the Vioxx Settlement, and (b) on whose behalf the plans have paid Vioxx-related medical benefits.

9.     On information and belief, Defendant Herman, Herman, Katz & Cotlar, LLP ("Herman Firm") is a law partnership established as a limited liability partnership with its principal place of business in New Orleans, Louisiana.  On information and belief, the Herman Firm represents a number of beneficiaries of the ERISA Health Plans (a) who have enrolled or will enroll in the Vioxx Settlement, and (b) on whose behalf the plans have paid Vioxx-related medical benefits.

10.     On information and belief, Defendant Levin, Fishbein, Sedran & Berman ("Levin Firm") is a law partnership with its principal place of business in Philadelphia, Pennsylvania.  On information and belief, the Levin Firm represents a number of beneficiaries of the ERISA Health Plans (a) who have enrolled or will enroll in the Vioxx Settlement, and (b) on whose behalf the plans have paid Vioxx-related medical benefits.

11.     Defendants John Doe Law Firms 1-100, etc., are additional law firms and attorneys that, on information and belief, represent Vioxx Claimants (a) who have enrolled or will enroll in the Vioxx Settlement and (b) who are beneficiaries of the ERISA Health Plans on whose behalf the plans have paid Vioxx-related medical benefits.   The term "Law Firm Defendants" is used herein to refer collectively to the Named Law Firm Defendants and the John Doe Law Firm Defendants.

12.     Defendants Jane Doe Vioxx Claimants 1-1000, etc., are Vioxx Claimants who (a) have enrolled or will enroll in the Vioxx Settlement, (b) are beneficiaries of the ERISA Health Plans on whose behalf the plans have paid Vioxx-related medical benefits, and (c) have failed to notify their ERISA Health Plans of the Vioxx-related claims they have asserted against Merck and/or their participation in the Vioxx Settlement.   The identities of these "Jane Doe Vioxx Claimant" defendants are not known and are not readily knowable by Named Plaintiffs and the Class members but, on information and belief, are known to Defendant BrownGreer and to the Law Firm Defendants.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this is an action seeking equitable relief pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of the ERISA Health Plans' plan documents and to redress the ongoing violation of the notification provisions and the imminent violation of the reimbursement provisions in these ERISA-covered health and welfare benefit plans.

14.     This Court also has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), as this case is a class action involving an amount in controversy in excess of $5,000,000, exclusive of interest and costs, and Plaintiffs and Defendants are citizens of different states.

15.     Venue is appropriate pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. §§ 1391(b) and (c) because, *inter alia*, this Court is overseeing the Multidistrict Vioxx proceedings and because the Vioxx Settlement is being administered in this district, because breaches of the ERISA Health Plans have taken and are taking place in this district, and because defendants may be found in this district.

16.     This Court has personal jurisdiction over all of the defendants pursuant to 29 U.S.C. § 1132(e)(2).

17.     Declaratory and injunctive relief is authorized, respectively, by 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

## CLASS ACTION ALLEGATIONS

18.     Named Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and as representatives of a Class consisting of the following:

> All ERISA-covered health benefit plans ("ERISA Health Plans") that (a) have paid or agreed to pay Vioxx-related medical benefits on behalf of plan beneficiaries who have enrolled or will enroll in the Vioxx Settlement and (b) whose plan documents contain notification and/or reimbursement provisions regarding claims against and/or settlements with parties who caused injuries to plan beneficiaries

This class of ERISA Health Plans is referred to herein as "the Class".

19.     Each pre-requisite of Rule 23 applicable to this case is met.

20.     The Class satisfies the "numerosity" requirement of Fed. R. Civ. P. 23(a)(1), as it is composed of hundreds, and likely thousands, of ERISA Health Plans that are geographically disbursed across the country, thus making the joinder of these plans impracticable except by means of a class action.  The disposition of their claims in a class action will benefit both the parties and the Court.

21.     There are questions of law and fact in this litigation that are common to all Class members, including:

(a) whether Class members are entitled under ERISA to receive from Defendants information regarding the Vioxx Claimants enrolled in the Vioxx Settlement so that the Class members can timely assert their ERISA-protected rights to reimbursement for Vioxx-related

medical benefits they have paid or agreed to pay on behalf of plan beneficiaries enrolling in the Settlement;

(b) whether Class members are entitled under ERISA to an injunction on the distribution of Vioxx settlement funds to the Jane Doe Defendants and/or the Law Firm Defendants, until the Class members have had the opportunity to identify, and, where indicated, assert and resolve, either by negotiation or adjudication, their ERISA-protected lien rights;

(c) whether Class members will suffer irreparable harm -- the impairment and/or elimination of their ERISA-protected rights to be reimbursed for the Vioxx-related medical benefits they have paid or agreed to pay on behalf of plan beneficiaries enrolling in the Settlement -- if the settlement monies are distributed to the Jane Doe Defendants before the Class members have a reasonable opportunity to obtain resolution of their ERISA rights;

(d) whether the terms of the Vioxx Settlement Agreement and/or the refusal of the Law Firm Defendants to comply with notification and reimbursement provisions in the Class members' plan documents, impair the ERISA rights of Class members to notification and reimbursement for Vioxx-related medical expenses.

22.     Named Plaintiffs assert claims that are typical of the claims of the entire Class. Named Plaintiffs and all members of the Class have been deprived, and will continue to be deprived, of their contractual rights, pursuant to their ERISA plan documents, to be notified by plan beneficiaries of pending Vioxx claims and settlements.  In addition, unless the injunctive relief sought herein is granted, Named Plaintiffs and all members of the Class will be unable to enforce their ERISA plan rights to reimbursement of Vioxx-related medical expenses from the settlement payments that will be distributed to their plan beneficiaries from the Settlement Fund.

23.     Named Plaintiffs will fairly and adequately represent and protect the interests of the Class.   Named Plaintiffs have no interests antagonistic to those of the Class.   Named Plaintiffs have retained counsel who are competent and experienced in this type of litigation.

24.     Defendants have acted or refused to act on grounds generally applicable to all members of the Class, thereby making final injunctive relief or declaratory relief concerning the Class as a whole appropriate.

25.     Named Plaintiffs and the Class members will suffer the same types of harm as a result of the Defendants' conduct as alleged herein.   Absent class-wide relief, Class members will suffer irreparable harm, in that they will be unable to enforce their ERISA rights to reimbursement for Vioxx-related medical expenses.

26.     Plaintiffs anticipate that there will be no insurmountable difficulty in the management of this litigation.   A class action is superior to other available methods for the adjudication of this controversy.

27.     All conditions precedent to the maintenance of this action have been met.

28.     This action is properly maintainable as a class action, and class certification is appropriate, pursuant to Fed. R. Civ. P. 23(b)(2).

## FACTS

### A.     The Vioxx Settlement

29.     Merck sold Vioxx in the United States from May 1999 through September 30, 2004.   Merck withdrew the drug from the market following the release of scientific studies that demonstrated that the drug increased the risks of heart attacks, strokes, and other cardiovascular events in individuals who ingested it.   An estimated 20 million patients were prescribed Vioxx in the United States during this period.

30.     In the wake of the publicity of the cardiovascular risks associated with Vioxx, tens of thousands of individuals commenced lawsuits against Merck, alleging that their ingestion of the drug caused them to suffer heart attacks, strokes, and other injuries, and claiming damages arising out of their and/or their decedents' injury or death, including the cost of past and future health and medical expenses.

31.     As of October 2007, according to the Settlement Agreement, lawsuits on behalf of approximately 47,000 Vioxx-injured claimants were pending against Merck nationwide. *See* Settlement Agreement, at p. 1.  An estimated 14,500 additional claimants had asserted Vioxx personal injury claims but entered into tolling agreements with Merck in lieu of filing lawsuits.

32.     On or about November 9, 2007, Defendants Merck and Negotiating Plaintiffs' Counsel, which included the Named Law Firm Defendants, collectively entered into the Settlement Agreement applicable to all Vioxx personal injury claims that met certain prescribed eligibility requirements.  Under the Settlement Agreement, Merck agreed to establish a pre-funded, structured private settlement program to resolve all pending or tolled Vioxx personal injury claims involving heart attacks, ischemic strokes, and sudden cardiac death for an overall amount of $4.85 billion.

33.     On information and belief, in accordance with the terms of the Settlement Agreement, to date more than 40,000 individuals, and/or personal representatives of individuals, who claim to have suffered strokes and/or heart attacks as a result of their ingestion of Vioxx have enrolled in the Vioxx Settlement and have executed releases and other documents in furtherance of this settlement.  On further information and belief, and in light of this large number of Vioxx Claimants, Named Plaintiffs believe that they have expended and/or authorized the expenditure of significant sums for Vioxx-related medical care for Jane Doe Vioxx

Claimants.  On information and belief, the Class of ERISA Health Plans has expended and/or authorized the expenditure of hundreds of millions of dollars for the costs of Vioxx-related medical expenses for their Plan beneficiaries who are Jane Doe Vioxx Claimants.

34.     The Settlement Agreement negotiated by the Named Law Firm Defendants takes into account the lien interests of governmental payors of medical expenses incurred by Vioxx personal injury claimants by affirmatively obligating Vioxx Claimants and their counsel to satisfy governmental liens and provide Merck with proof that such liens have been resolved. Pursuant to the Settlement Agreement, a Lien Resolution Administrator has been appointed to oversee governmental lien resolution, and no settlement monies will be disbursed without proof of satisfaction of these governmental liens.

35.     In contrast, the Settlement Agreement fails to make any provision for identifying or resolving the reimbursement, subrogation, and/or lien rights of the ERISA Health Plans, including Named Plaintiffs.   *See* Settlement Agreement, Art. 12.1 (Liens).   Instead, the Settlement Agreement provides that Merck be held harmless by the Vioxx Claimants and their counsel for all private insurance liens, and requires each settling claimant to release Merck from all claims of subrogation, reimbursement, or liens for Vioxx related medical expenses.  *See* Settlement Agreement, Sect. 12.1.5.

36.     The Settlement Agreement establishes a system that provides for the secret distribution of settlement monies to the Jane Doe Vioxx Claimants and that renders it impossible in many cases, and impracticable in others, for Named Plaintiffs and the other ERISA Health Plans comprising the Class to identify their beneficiaries who will be receiving settlement funds pursuant to the Settlement Agreement.  In order to obstruct the ability of the ERISA Health Plans to determine the identities of their Plan beneficiaries who have brought Vioxx-related claims and

are participating in the Vioxx Settlement, and to impede and obstruct the rights of the ERISA Health Plans to assert and resolve their reimbursement, subrogation, and/or lien rights pursuant to the terms of their plan documents, Named Law Firm Defendants, acting as Negotiating Plaintiffs Counsel, agreed with Merck to include in the Settlement Agreement a strict confidentiality provision that prevents the disclosure of the identities of the Vioxx Claimants who are participating in the Vioxx Settlement. *See* Settlement Agreement, Art. 15.

37.     The Settlement Agreement purports to assess a "common benefit fee" of up to eight percent (8%) of the gross amount of the settlement to be paid to each Vioxx Claimant to the Law Firm Defendants referred to in the Settlement Agreement as "Common Benefit Attorneys." *See* Settlement Agreement, Sect. 9.2.1.

38.     On information and belief, the Law Firm Defendants are, and were at the time the Settlement Agreement was being negotiated, aware that ERISA Health Plans, including the plans of which many of their clients are beneficiaries, typically provide for reimbursement rights under ERISA plan documents. In fact, the Plaintiffs' Steering Committee in the Vioxx Litigation has circulated to Vioxx Claimants' counsel around the country a document called "Frequently Asked Questions: Healthcare Lines in the Vioxx Settlement." These "FAQ's" specifically discuss the existence of healthcare liens of ERISA plans and of other non-governmental payors. The FAQ's state that such liens are the responsibility of the Vioxx Claimants and their counsel and expressly advise the Law Firm Defendants:

> "Prior to disbursement of any Settlement benefits to your clients, and as a condition precedent to being entitled to receive their Settlement Payment, **you and your clients must certify that you have conducted a good faith investigation into the existence and amount of these other liens [including the liens held by ERISA Health Plans], and that any such liens will be satisfied from the respective clients' Settlement Payments.**"

39.    In addition, members of at least three of the Law Firm Defendants are also counsel of record in the Vioxx Purchase Claims Master Class Action Complaint filed in MDL 1657 in which they asserted and reserved subrogation and/or reimbursement claims on behalf of health payor clients.  The Purchase Claims Master Class Action Complaint states in relevant part: "[t]he class members reserve all rights, claims and interests regarding subrogation for the costs of diagnosing and treating present and future known and unknown health effects allegedly caused by Vioxx."

**B.    Plaintiffs' ERISA Rights Under the Plan Documents**

40.    Named Plaintiffs' ERISA plan documents give the Plans reimbursement rights against plan beneficiaries with respect to Vioxx-related medical expenses paid by the plans on behalf of these beneficiaries, to the extent that these beneficiaries obtain any recovery from a third-party, such as Merck, for injuries related to such medical expenses. These Plan provisions (hereinafter referred to as the "Reimbursement Provisions") create an equitable lien from any identifiable funds recovered by a Plan member from a third-party tortfeasor, such as Merck, for the injuries related to the medical expenses paid by the Plan.

41.    Named Plaintiffs' ERISA plan documents also give Named Plaintiffs a right to prompt notification from Plan beneficiaries of any Vioxx-related claims filed against, and any Vioxx-related recoveries obtained from, a third-party, such as Merck, for injuries related to any medical expenses paid by the Plans on behalf of these beneficiaries.  These Plan provisions are referred to herein as the "Notification Provisions."

42.    The Notification and Reimbursement Provisions of the ERISA Plan of Named Plaintiff 1199 Fund states in relevant part:

When another party is responsible for an illness or injury, the Plan Administrator has rights to recover the full amount it has paid or will pay

related to any claims which you may have against any person or entity. This means you are assigning your rights in any recovery to the Fund to the extent of the Fund's payments on your behalf. The Fund's right to recover the payments comes before you can recover. Therefore, the Fund has an independent right to bring an action in connection with such an injury or illness in your name and also has a right to intervene in any such action brought by you. It also means that the Fund has an equitable lien on the proceeds of any verdict or settlement reached in a lawsuit that you bring against someone for causing an illness or injury, when the Fund has paid for costs arising from that person's actions. The Fund has a right to be repaid from those proceeds. **You must notify the Fund of any accident or injury for which someone else may be responsible. Further, the Fund must be notified of initiation of any lawsuit arising out of the accident or incident.**

**You are required to provide the Fund with any and all information and to execute and deliver all necessary documents as the Plan Administrator may require to enforce the Fund's rights.** Once the Fund learns that another party may be responsible, you must sign an agreement (or a "lien") affirming the Fund's rights with respect to benefit payments and claims. Benefit payments are not payable until this agreement is signed and received by the Fund.

If you receive payments from or on behalf of the party responsible for an illness or injury, the Fund must be repaid from those payments. You must repay the Fund regardless of whether the total amount of the recovery is less than the actual loss and even if the party does no admit responsibility, itemize the payments or identify payments as medical expenses. **You cannot reduce the amount of the Fund's payments to pay for attorneys' fees incurred to obtain payments from the responsible party.** The Fund's rights provide the Fund with first priority to any and all recovery in connection with the injury or illness. **The Fund has these rights without regard to whether you have been "made-whole."**

**If you fail or refuse to sign a lien or to comply with these terms, the Plan Administrator may suspend your eligibility for benefits and/or recovery from providers' money paid to them, until the Fund is fully repaid.** In addition, the Plan Administrator may bring a court action against you to enforce the terms of the Plan.

**By accepting the Fund's payments, you are consenting to a constructive trust being placed on the amount owed to the Fund out of any proceeds.**

(Emphasis added).

43.     Similarly, the Notification and Reimbursement Provisions of the ERISA Plan of

Plaintiff Teamsters Fund provides, in relevant part:

> If we pay any of your medical, dental, vision, or prescription drug expenses or Weekly Disability Benefits (DBL), then **we are subrogated to your rights of recovery and have a lien on any and all amounts owed to you by, or from the third party**.  This means that we may recover the amount you are owed from the third party (or from you, if the third party pays you).
>
> You must sign an agreement to reimburse us in full from any recovery received by you from a third party, including any settlement for pain and suffering, whether by insurance claim, court judgment, settlement, or otherwise.  The absence of a signed agreement, however, shall not diminish or waive in any way our right to recover from you or a third party, because our right arises when we pay expenses any/or Weekly Disability Benefits (DBL) for your benefit.
>
> You must pursue all reasonable claims against third parties if we have paid your medical expenses, including filing a lawsuit if necessary (unless you assign your claims to us) . . . .
>
> **You must inform us of the filing of any claim or the commencement of any legal action against a third party, and provide any information requested by us and sign any documents that we request to assist in recovering from responsible third parties.  We may also require your attorney to sign documents protecting our rights.**
>
> **You may not settle any claim or lawsuit without our written consent.  You may not take any action that prejudices our rights and interests.**
>
> The Fund is entitled to reimbursement at **100%** of the benefits paid.  Even though the payment you receive from the third party may be reduced by attorney's fees and expenses, the Fund has not obligation to share in a pro rata portion of those fees and expenses.
>
> **If you receive payment for an injury or illness and fail to reimburse us for benefits that we have paid to you, or on your behalf, of if you otherwise fail to comply with the above obligations, we reserve the right not to pay your claim, or future claims, for benefits under the Plan, until the withheld payments equal what would have been recovered from the third party.**  Alternatively, we have the right to bring a legal action against you for reimbursement.

(Emphasis added).

{N0097403}                          15

44.     On information and belief, the plan documents of hundreds, and likely thousands, of other ERISA Health Plans contain Reimbursement Provisions and Notification Provisions substantively the same or similar to the Reimbursement and Notification Provisions in the Named Plaintiffs' plan documents.  Accordingly, Named Plaintiffs bring this action on behalf of themselves and all other ERISA Health Plans with notice and/or reimbursement rights under the terms and conditions of their plan documents.

## C.  The Imminent and Irreparable Harm to the Named Plaintiffs and the Class

45.     On information and belief, in violation of their obligations under the Reimbursement Provisions and Notification Provisions of the ERISA plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class, the Jane Doe Vioxx Claimants have failed to notify their ERISA Health Plans that they have elected to participate in the Vioxx Settlement, or even that they have asserted claims against Merck for their Vioxx-related injuries.

46.     It is not possible through reasonable diligence for the Named Plaintiffs and the other ERISA Health Plans that comprise the Class to utilize publicly available materials to identify the Jane Doe Vioxx Claimants.   There is no publicly available listing of Vioxx Claimants who have entered into tolling agreements and/or settled their Vioxx-claims against Merck.

47.     Although the records of the Named Plaintiffs and the other ERISA Health Plans that comprise the Class may contain information identifying certain plan beneficiaries who were prescribed Vioxx, the plan records do not correlate claims for medical benefits with such prescriptions.  Thus, it is not feasible for the Class members to cross-reference even the names of their beneficiaries who were prescribed Vioxx with medical conditions that may form the basis of a personal injury claim against Merck.

48.     Even if the records of the Named Plaintiffs and the other ERISA Health Plans that comprise the Class contained information that made it feasible to identify all of their beneficiaries for whom the plans paid for Vioxx prescriptions, this universe of individuals would not match the list of Jane Doe Vioxx Claimants because individuals frequently are covered by different plans in different years.   Thus, one ERISA Health Plan may have paid for an individual's Vioxx prescription in 2001 (for example), while a different and unrelated ERISA Health Plan may have paid for this same individual's Vioxx-related medical benefits in 2002 and 2003.

49.     Even if the Named Plaintiffs and the other ERISA Health Plans that comprise the Class were able to identify every one of their beneficiaries on whose behalf they have paid or agreed to pay Vioxx-related medical benefits (which they cannot do), such identification would not enable them to identify even all of the Jane Doe Vioxx Claimants who have filed publicly available lawsuits because many individuals share common names (e.g., John Peters or Susan Wagner)..

50.     There is no way from information available to the  Named Plaintiffs and the other ERISA Health Plans that comprise the Class for the Class members to identify the Jane Doe Vioxx Claimants who have entered into tolling agreements with Merck and have not filed suit.

51.     Without information as to the identity of the Vioxx Claimants, including their names and other sufficient identifying information, which information is known and readily available to Defendant BrownGreer and the Law Firm Defendants, the Named Plaintiffs and other ERISA Health Plans are unable to enforce their ERISA plan rights and their equitable rights to recover from the Jane Doe Vioxx Claimants the amounts the Plans have expended or authorized for the benefit of these plan beneficiaries for Vioxx-related medical expenses.

52.     Following the execution of the Settlement Agreement, Named Plaintiffs, along with other ERISA health plans, sent a letter dated November 19, 2007 (the "Notice Letter") to the Named Law Firm Defendants and others  advising these firms of the plans' reimbursement and subrogation rights under the ERISA plan documents.  This letter specifically requested the firms to voluntarily provide these ERISA health plans with the basic information that would permit for an orderly identification of liens and reimbursement rights with respect to the plan beneficiaries on whose behalf the plans had paid or agreed to pay Vioxx-related medical benefits.  The Named Law Firm Defendants failed to respond to the Notice Letter.

53.     Having received no response to the Notice Letter, counsel for Named Plaintiffs, acting on behalf of Named Plaintiffs and certain other ERISA health plans, duly served a Notice of Lien to Attorney ("Lien Notice"), dated January 15, 2008, upon certain of the Named Law Firm Defendants as well as dozens of other law firms.  In accordance with settled custom and practice, the Lien Notice requested that no Vioxx Settlement monies be disbursed to any individual plaintiff until the resolution or adjudication of the ERISA plans' reimbursement claims.

54.     Counsel for Named Plaintiffs then sent to certain of the Named Law Firm Defendants and the other law firms to which the January 15 letter had been sent another letter, dated January 25, 2008, which set forth in some detail the legal bases for the reimbursement and lien claims of the ERISA plans.  None of the Named Law Firm Defendants responded to either letter.

55.     On information and belief, unless enjoined, Defendant BrownGreer will, as soon as August 1, 2008, distribute to the Vioxx Claimants directly or through their attorneys, including the Law Firm Defendants, billions of dollars from the Settlement Fund.  Once these

funds are distributed to individual Jane Doe Vioxx Claimants and co-mingled with these claimants' other assets, the Named Plaintiffs and the other ERISA Health Plans comprising the Class will be irreparably injured in that they will have no effective means of enforcing their ERISA plan reimbursement rights.

56.     In addition, on information and belief, Defendant BrownGreer will disburse funds from the Settlement Fund to the Law Firm Defendants who are "Common Benefit Attorneys," as defined in the Settlement Agreement. These "common benefit fees," which may total as much as eight percent (8%) of the settlement payments to each Jane Doe Vioxx Claimant, and thus could substantially exceed $100 million, are subject to the Class members' reimbursement and lien rights. Once these funds are distributed to the Law Firm Defendants who are Common Benefit Attorneys and co-mingled with the other funds of these firms, the Named Plaintiffs and the other ERISA Health Plans comprising the Class will be irreparably injured in that they will have no effective means of enforcing their ERISA plan reimbursement rights as to these amounts.

57.     As a result of the breaches of the Plan Notification Provisions by the Jane Doe Vioxx Claimants, and the failure of the Law Firm Defendants to provide to the Class members the information concerning the Jane Doe Vioxx Claimants, the Named Plaintiffs and the other ERISA Health Plans comprising the Class are currently being deprived of their rights under their Plan Notification Provisions and are in imminent danger of being denied their rights under their Plan Reimbursement Provisions.

## COUNT I

## DECLARATORY RELIEF UNDER ERISA, 29 U.S.C. § 1132(a)(3)

58.     Plaintiffs repeat and reallege the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

59.     By virtue of the Plan Notification Provisions, information regarding the settlement payments to be made to the Jane Doe Vioxx Claimants, including the identification of these claimants and the amounts they will be receiving, are assets of the ERISA Health Plans.

60.     The Law Firm Defendants are the agents and representatives of the Jane Doe Vioxx Claimants.   The Law Firm Defendants possess the claim and settlement-related information that the Jane Doe Vioxx Claimants are obligated to provide to the ERISA Health Plans pursuant to the plans' Notification and Reimbursement Provisions.  This information is not subject to any legitimate claim of privilege, as it has all been provided to Merck and to BrownGreer as part of the Vioxx Settlement process.

61.     The Named Plaintiffs and the other ERISA Health Plans comprising the Class have a contractual and equitable right, enforceable under ERISA, to obtain from the Law Firm Defendants, as agents and representatives of the Jane Doe Vioxx Claimants, the claim and settlement-related information that the Jane Doe Vioxx Claimants are obligated to provide to the ERISA Health Plans.

62.     The Named Plaintiffs and the other ERISA Health Plans comprising the Class have an equitable right, enforceable under ERISA, to obtain from BrownGreer, the claim and settlement-related information that the Jane Doe Vioxx Claimants are obligated to provide to the ERISA Health Plans.

63.     The Named Plaintiffs and the other ERISA Health Plans comprising the Class have a contractual and equitable right, enforceable under ERISA, to the settlement funds received by or on behalf of the Jane Doe Vioxx Claimants, to the extent that the plans have expended or authorized the expenditure of sums for medical expenses for the benefit of these plan beneficiaries.   These settlement funds, whether held by the Law Firm Defendants or the

Jane Doe Vioxx Claimants, are subject to the lien rights of the Class members and are assets of the plans up to the amount of the medical benefits paid or to be paid on behalf of the Jane Doe Vioxx Claimants.

64.     Upon recovery by the Jane Doe Vioxx Claimants of any amount from the Settlement Fund for the injuries for which the Class members have paid or authorized the payment of medical expenses benefiting the Jane Doe Vioxx Claimants, Named Plaintiffs and the other ERISA Health Plans comprising the Class are entitled to be reimbursed for the medical expenses they have paid or will pay on behalf of the Jane Doe Vioxx Claimants.  If the ERISA Health Plans are unable to assert their lien rights and enforce the reimbursement provisions of their plan documents as to the Vioxx settlement funds, the Jane Doe Vioxx Claimants will be unjustly enriched.

65.     On information and belief, the Law Firm Defendants, as agents and representatives of the Jane Doe Vioxx Claimants, will receive from BrownGreer the settlement amounts paid to the Jane Doe Vioxx Claimants from the Settlement Fund and will then seek to retain some portion of these settlement amounts as compensation for their work on behalf of the Jane Doe Vioxx Claimants.

66.     By virtue of the terms of the plans of Named Plaintiffs and the other ERISA Health Plans comprising the Class, the amounts of any fees that the Named Law Firm Defendants and the John Doe Law Firm Defendants may otherwise be entitled to retain from settlement payments from the Settlement Fund to their clients who are Jane Doe Vioxx Claimants are assets of the ERISA Health Plans.  These settlement funds, when received by the Law Firm Defendants, are subject to an equitable lien in favor of the Named Plaintiffs and the other ERISA Health Plans comprising the Class, up to the amounts that the Class members have

paid or will pay in medical benefits on behalf of the Jane Doe Vioxx Claimants. If the ERISA Health Plans are unable to assert their lien rights and enforce the reimbursement provisions of their plan documents as to the Vioxx settlement funds in the possession of the Law Firm Defendants (including the amounts of such funds that the firms may seek to retain as fees for their work on behalf of the Jane Doe Vioxx Claimants), the Law Firm Defendants will be unjustly enriched.

67.     Accordingly, Named Plaintiffs, on behalf of themselves and the other similarly situated ERISA Health Plans comprising the Class, seek declaratory relief in the form of the following determinations:

(a)     that the Named Plaintiffs and the other ERISA Health Plans comprising the Class are entitled under ERISA to obtain from the Vioxx Settlement Administrator the information regarding the Vioxx Claimants enrolled in the Vioxx Settlement so that the Class members can timely assert their ERISA-protected rights to reimbursement for Vioxx-related medical benefits the Class members have paid or agreed to pay on behalf of the Jane Doe Vioxx Claimants who are their plan beneficiaries;

(b)     that the Named Plaintiffs and the other ERISA Health Plans comprising the Class are entitled under ERISA to obtain from the Law Firm Defendants the information regarding the Vioxx Claimants enrolled in the Vioxx Settlement so that the Class members can timely assert their ERISA-protected rights to reimbursement for Vioxx-related medical benefits the Class members have paid or agreed to pay on behalf of the Jane Doe Vioxx Claimants, who are their plan beneficiaries;

(c)     that the Named Plaintiffs and the other ERISA Health Plans comprising the Class are entitled under ERISA to obtain from the Jane Doe Defendants the information regarding any

Vioxx-related claims they have asserted against Merck and regarding their enrollment in the Vioxx Settlement so that the Class members can timely assert their ERISA-protected rights to reimbursement for Vioxx-related medical benefits the Class members have paid or agreed to pay on behalf of the Jane Doe Defendants, who are their plan beneficiaries;

(d)     that the Named Plaintiffs and the other ERISA Health Plans comprising the Class are entitled under ERISA to assert a lien against any Vioxx settlement funds received by the Law Firm Defendants on behalf of their clients who are Jane Doe Vioxx Claimants, up to the amount of Vioxx-related medical benefits the plans have paid or agreed to pay on behalf of to these plan beneficiaries.

(e)     that the Named Plaintiffs and the other ERISA Health Plans comprising the Class are entitled under ERISA to assert a lien against any "common benefit fees" (see Settlement Agreement, Sect. 9.2.1) deducted from or attributable to the settlement amounts allocated to the Jane Doe Vioxx Claimants;

(f)     that the Named Plaintiffs and the other ERISA Health Plans comprising the Class are entitled under ERISA (i) to assert a lien against any Vioxx settlement funds received by or on behalf of the Jane Doe Defendants and (ii) to be reimbursed by the Jane Doe Defendants from any Vioxx settlement funds that they receive or that are received by other on their behalf, up to the amount of Vioxx-related medical benefits the plans have paid or agreed to pay on behalf of these plan beneficiaries.

## COUNT II

### PRELIMINARY EQUITABLE RELIEF
### UNDER ERISA, 29 U.S.C. § 1132(a)(3)

68.     Plaintiffs repeat and reallege the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

69.     Section 1132(a)(3) of ERISA provides in relevant part that an ERISA-governed employee welfare benefit plan may bring a civil action (a) to enjoin any act or practice which violates the terms of the plan, and/or (b) to obtain any other appropriate equitable relief to redress such violations or to enforce the plan terms.

70.     To enforce the Notification Provisions and the Reimbursement Provisions contained in the plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class with respect to Vioxx-related claims and settlements, and to prevent the Class members from suffering irreparable injury pending adjudication on the merits of the ERISA claims asserted in this Complaint, the Court should, pursuant to Section 502(a)(3) of ERISA, issue a preliminary injunction compelling BrownGreer, the Law Firm Defendants, and the Jane Doe Vioxx Claimants immediately to provide to all of the ERISA Health Plans comprising the Class the following claim and settlement-related information, subject to appropriate confidentiality limitations that respect applicable privacy interests and laws, to enable the Class members to enforce their notification and reimbursement rights under the terms of their ERISA plan documents:

      (i)     The name of each injured or deceased individual who is or will be enrolled in the Vioxx PI Settlement ["Settling Claimant"], including the name of the personal representative for each deceased claimant;

      (ii)    The social security numbers and dates of birth for each of the Settling Claimants;

      (iii)   The mailing addresses for each Settling Claimant in the last ten (10) years;

      (iv)   The name and address of each Settling Claimant's employer(s), employer group(s), or plan(s) that at any time provided coverage for Vioxx-related medical expenses;

      (v)    For each Settling Claimant, the names and addresses of the health insurer(s) who provided coverage for Vioxx related injuries as well as the name of the principal insured;

(vi)    The names and address of the attorneys, if any, representing each Settling Claimant with respect to their Vioxx-related claims;

(vii)   Redacted settlement enrollment forms, plaintiff profiles, or other case information documents which contain all of the information detailed above for each Settling Claimant.

71.    To enforce the Reimbursement Provisions contained in the plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class with respect to Vioxx-related claims and settlements, and to prevent the Class members from suffering irreparable injury pending adjudication on the merits of the ERISA claims asserted in this Complaint, the Court should, pursuant to Section 502(a)(3) of ERISA, issue a preliminary injunction enjoining the Jane Doe Vioxx Claimants from co-mingling any Vioxx-related settlement funds they receive from the Settlement Fund or otherwise for ninety (90) days following their transmittal of notification to the ERISA Health Plans of their receipt of such settlement funds, or until they obtain a release from their ERISA Health Plans of any lien or other rights arising under the Plans' plan documents.

72.    To enforce the Reimbursement Provisions contained in the plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class with respect to Vioxx-related claims and settlements, and to prevent the Class members from suffering irreparable injury pending adjudication on the merits of the ERISA claims asserted in this Complaint , the Court should, pursuant to Section 502(a)(3) of ERISA, issue a preliminary injunction (a) requiring the Law Firm Defendants immediately to place in a segregated interest-bearing account any Vioxx-related settlement funds they receive from the Settlement Fund until they obtain a release from the ERISA Health Plans of which their clients are beneficiaries of any lien or other rights arising under the Plans' plan documents; (b) requiring the Law Firm Defendants immediately to place in

a segregated interest-bearing account any "common benefit fees" they receive from the Settlement Fund until they obtain a release from the ERISA Health Plans of which their clients are beneficiaries of any lien or other rights arising under the Plans' plan documents, and (c) enjoining the distribution of any Vioxx-related settlement funds to any Jane Doe Vioxx Claimant (or any  personal representative of a decedent, or other person representing a claimant or representative of a decedent) until the reimbursement claims and/or lien rights of the Class members  have been addressed and resolved.

73.     If the funds are distributed from the Settlement Fund to the Jane Doe Defendants, Named Plaintiffs, and all other similarly situated Health Plans, will not have an adequate remedy at law and will be irreparably harmed.

74.     The issuance of the requested preliminary injunctive relief is appropriate because (a) the Class members are likely to prevail on the merits of their claims, under ERISA, to enforce the Notification Provisions and the Reimbursement Provisions of their plan documents, (b) the Class members will suffer irreparable injury if the Vioxx Settlement proceeds are distributed to the Jane Doe Vioxx Claimants before the Class members are provided the information they need, and to which they are entitled, to assert and enforce their reimbursement and lien rights against these settlement proceeds, (c) the balance of the equities favors the issuance of interim injunctive relief because the Jane Doe Vioxx Claimants and the Law Firm Defendants will merely incur a modest delay in the receipt of the settlement funds and fees to which they are entitled, consistent with their obligations to the Class members under ERISA, and (d) the public interest strongly favors the enforcement of the terms of ERISA plans.

**COUNT III**

**PERMANENT EQUITABLE RELIEF**
**UNDER ERISA, 29 U.S.C. § 1132(a)(3)**

75.    Plaintiffs repeat and reallege the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

76.    Section 1132(a)(3) of ERISA provides in relevant part that an ERISA-governed employee welfare benefit plan may bring a civil action (a) to enjoin any act or practice which violates the terms of the plan, and/or (b) to obtain any other appropriate equitable relief to redress such violations or to enforce the plan terms.

77.    To enforce the Notification Provisions and the Reimbursement Provisions contained in the plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class with respect to Vioxx-related claims and settlements, and to prevent the Class members from suffering irreparable injury, the Court should, pursuant to Section 502(a)(3) of ERISA, issue an injunction compelling BrownGreer, the Law Firm Defendants, and the Jane Doe Vioxx Claimants to provide to all of the ERISA Health Plans comprising the Class the following claim and settlement-related information, subject to appropriate confidentiality limitations that respect applicable privacy interests and laws, to enable the Class members to enforce their notification and reimbursement rights under the terms of their ERISA plan documents with respect to Vioxx:

  (i)    The name of each injured or deceased individual who is or will be enrolled in the Vioxx  Settlement ["Settling Claimant"], including the name of the personal representative for each deceased claimant;

  (ii)   The social security numbers and dates of birth for each Settling Claimant;

  (iii)  The mailing addresses for each Settling Claimant and decedent in the last ten (10) years;

  (iv)   The name and address of each Settling Claimant's employer(s), employer group(s), or plan(s) that at any time provided coverage for Vioxx-related medical expenses;

    (v)    For each Settling Claimant, the names and addresses of the health insurer(s) who provided coverage for Vioxx-related injuries as well as the name of the principal insured;

    (vi)    The names and address of the attorneys, if any, representing each Settling Claimant with respect to their Vioxx-related claims;

    (vii)    Redacted settlement enrollment forms, plaintiff profiles, or other case information documents which contain all of the information detailed above for each Settling Claimant.

78.    To enforce the Reimbursement Provisions contained in the plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class with respect to Vioxx-related claims and settlements, and to prevent the Class members from suffering irreparable injury, the Court should, pursuant to Section 502(a)(3) of ERISA, permanently enjoin the Jane Doe Vioxx Claimants from co-mingling any Vioxx-related settlement funds they receive from the Settlement Fund until they obtain a release from their ERISA Health Plans of any lien or other rights arising under the Plans' plan documents.

79.    To enforce the Reimbursement Provisions contained in the plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class with respect to Vioxx-related claims and settlements, and to prevent the Class members from suffering irreparable, the Court should, pursuant to Section 502(a)(3) of ERISA, issue a permanent injunction (a) requiring the Law Firm Defendants to place in a segregated interest-bearing account any Vioxx-related settlement funds they receive from the Settlement Fund until they obtain a release from the ERISA Health Plans of which their clients are beneficiaries of any lien or other rights arising under the these Plans' plan documents; (b) requiring the Law Firm Defendants to place in a segregated interest-bearing account any "common benefit fees" they receive from the Settlement Fund until they obtain a release from the ERISA Health Plans of which their clients are beneficiaries of any lien or other rights arising under the Plans' plan documents, and (c)

{N0097403}    28

enjoining the distribution of any Vioxx-related settlement funds to any Jane Doe Vioxx Claimant (or any  personal representative of a decedent, or other person representing a claimant or representative of a decedent) until the reimbursement claims and/or lien rights of the Class members  have been addressed and resolved.

WHEREFORE, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132 (a)(3), 28 U.S.C. § § 2201 and 2202, and Fed. R. Civ. P. 57 and 65, Named Plaintiffs, on behalf of themselves and all members of the Class, demand declaratory relief and both preliminary and permanent equitable relief as set forth above, as well as attorneys' fees, costs, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

KING, KREBS & JURGENS, P.L.L.C
HENRY KING (#7393)
ERIC E. JARRELL (#16982) (T.A.)
REBECCA H. DIETZ (#28842)
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170
Telephone: 504-582-3800
Facsimile: 504-582-1233

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Steven J. Phillips
Diane Paolicelli
800 Third Avenue
13th Floor
New York, NY 10022
Telephone: 212-605-6200
Facsimile: 212-605-6290

- and -

CROWELL & MORING, LLP
Andrew H. Marks

Robert T. Rhoad
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116

ATTORNEYS FOR PLAINTIFFS